NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JEFF MEDLEY, | ) |
|     Petitioner, | ) Civil Action No. 6: 07-132-DCR |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| D. L. STINE, Warden, | ) **AND ORDER** |
|     Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

Jeff Medley ("Medley"), a prisoner incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 2] The matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1]

I. **BACKGROUND**

On June 27, 2002, Medley pled guilty to manufacturing and distributing more than 50 grams of methamphetamine in violation of 21 U.S.C. §§841, 843, and 846. On October 28, 2002, Medley was sentenced to a 225-month term of incarceration to be followed by an eight-

---

[1] As Medley is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

year term of supervised release. Medley then filed a notice of appeal with the Sixth Circuit, which affirmed his conviction on appeal on December 12, 2003. *United States v. Medley*, 01-CR-41, Eastern District of Tennessee. [Record Nos. 38, 41, 43, 50, 51, 52 therein]

On April 14, 2005, Medley filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. On May 18, 2005, the trial court denied the motion. And on June 6, 2006, the Sixth Circuit denied his motion for a certificate of appealablity. *Medley v. United States*, 05-CV-28, Eastern District of Tennessee. [Record Nos. 1, 4, 9 therein]

In his present petition, Medley asserts that his convictions are void because the criminal statutes under which he was convicted were not passed by both houses of Congress in a single session of the Eightieth Congress as assertedly required by the Presentment Clause, Article I, Section 7, Clause 2 of the Constitution of the United States.

**II.    DISCUSSION**

Medley's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge a conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or

ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. In the present action, Medley asserts that his Section 2255 remedy is inadequate or ineffective to accomplish this, thus invoking Section 2255's savings clause.

Before Medley's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). Instead, it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.") In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Medley's claim is not a claim of "actual innocence" because even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757; *Bousley v. United States*, 523 U.S. 614, 620 (1998).

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)    Medley's petition for a writ of habeas corpus is **DENIED.**

-4-

-5-

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 20th day of April, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge